**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE STOREY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No: _____ |
| | ) | **JURY DEMANDED** |
| | ) | |
| **DRIVEN BRANDS SHARED** | ) | |
| **SERVICES, LLC** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

COMES THE PLAINTIFF, STEPHANIE STOREY, by and through her attorneys, and alleges as follows:

## I. THE PARTIES

**A.    THE PLAINTIFF**

1.    Plaintiff, STEPHANIE STOREY, is now a citizen and resident of the State of Tennessee.  At all times relevant herein, she was formerly employed by Defendant in Jackson, Tennessee.

**B.    THE DEFENDANT**

2.    Defendant, DRIVEN BRANDS SHARED SERVICES, LLC ("Defendant") owns and operates a range of consumer and commercial automative services locations.  Defendant's principal place of business is in Charlotte, North Carolina but it is authorized to conduct business and conducts business throughout Tennessee, including Jackson, where it employed Plaintiff.  It

can be served with process through its registered agent at Corporation Services Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

## II. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), the ADA, 42 U.S.C. § 12111.  Plaintiff timely filed a charge of discrimination with the EEOC asserting rights under the ADA and the EEOC issued a Notice of Right to Sue on January 30, 2026.  Accordingly, Plaintiff has timely filed this action.

4.      Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c) as Defendant conducts business within the Court's jurisdictional limits and the claims at issue arose within the Court's jurisdictional limits.

## III. FACTS

5.      Plaintiff was hired by Defendant as a Customer Service Representative in July 2023.

6.      Throughout her employment, Plaintiff maintained solid performance with favorable feedback and no disciplinary history.

7.      On March 24, 2024, Plaintiff sustained an accident resulting in a permanent orthopedic impairment to her right arm.

8.      Plaintiff's orthopedic impairment to her right arm is a physical impairment that substantially limits one or more of her major life activities, including performing manual tasks and lifting.

9.      Following her accident, Plaintiff notified Defendant of her need for medical leave.

2

10.    Defendant informed Plaintiff that while she was ineligible for Family and Medical Leave Act protection, it would grant her a medical leave of absence under the Americans with Disabilities Act.

11.    Defendant subsequently provided Plaintiff with medical leave from March 24, 2024 through August 7, 2024.

12.    Following her recovery, Plaintiff successfully returned to work on August 7, 2024.

13.    Unfortunately, in mid-December 2024, Plaintiff's surgeon advised her of a post-surgery complication that necessitated an additional surgery to her arm.

14.    That additional surgery was scheduled for January 8, 2025.

15.    Plaintiff promptly notified her supervisor and district manager of the need for additional surgery and medical leave beginning January 8, 2025.

16.    Both Plaintiff's supervisor and district manager approved the additional medical leave of absence under the ADA.

17.    Plaintiff worked until her scheduled surgery date of January 8, 2025, then took the approved medical leave under the Americans with Disabilities Act.

18.    While recovering from her surgery, on Friday, February 14, 2025, Plaintiff received an email from Defendant's corporate office stating that her medical leave could no longer be accommodated and that she was terminated effective February 14, 2025.

19.    This termination correspondence was sent from corporate office without any attempted communication with Plaintiff and it inaccurately referenced an April 2, 2025 return-to-work date for Plaintiff.  However, the correspondence also invited Plaintiff to provide medical documentation if her condition had changed and she was able to return to work.

3

20. On Tuesday, February 18, 2025, Plaintiff obtained a return-to-work release from her surgeon.

21. The return-to-work release indicated that Plaintiff could return to work full-time on February 19, 2025 with a lifting restriction of five pounds.

22. Plaintiff's position as a Customer Service Representative did not require heavy lifting, nor any real lifting at all, and therefore, Plaintiff was fully capable of performing all essential functions of her job with the five-pound lifting restriction.

23. On the same day, February 18, 2025, Plaintiff provided the return-to-work release to her supervisor.

24. Plaintiff's supervisor indicated that Plaintiff was still in the system and that Defendant should be able to easily reactivate her employment by the end of the week.

25. However, when Plaintiff did not hear from Defendant by the end of the week, on February 21, 2025, she called her district manager and inquired about her reactivation status.

26. Plaintiff's district manager informed Plaintiff that pursuant to Defendant's Human Resources department, Plaintiff's termination was upheld as of February 14, 2025 and she was not allowed to return to work.

27. Thus, Defendant refused to extend Plaintiff's medical leave by just three (3) work days to allow her to return to work on February 19, 2025 with her surgeon's clearance.

28. Defendant also did not engage in the interactive process to determine whether reasonable accommodations could be made for Plaintiff's disability. And certainly, there was nothing in that short span of time—a mere 3 days—that would have created an undue hardship or

4

fundamental job alteration that necessitated denying the accommodation and terminating her employment.

29.    Defendant's termination has cost Plaintiff her job, wages, and benefits, at a time in her life when she needed it most. The loss of the job has compounded the emotional distress, while adding a layer of financial strain.  She seeks those damages and her reasonable attorneys' fees and costs.

## IV.  LEGAL CAUSES OF ACTION

### COUNT I: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

30.    The foregoing facts are incorporated by reference as if fully stated herein.

31.    By their actions alleged herein, Defendant violated the Americans with Disability Act.  Specifically, Defendant (A) denied Plaintiff a reasonable accommodation for her disability (continuation of her medical leave of absence for just three (3) days); (B) refused to engage in the interactive process with Plaintiff regarding her ability to return to work either before issuing its February 14, 2025 termination, or shortly thereafter, when presented with Plaintiff's return to work release for just three (3) work days later, February 19, 2025; and (C) terminated her employment because of her disability, when in fact she was capable and qualified to return to work a mere three (3) days after Defendant's termination decision.

## V. PRAYER FOR RELIEF

32.    WHEREFORE, the Plaintiff prays for the following relief:

A.    That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

B.    That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to, back pay and front pay or reinstatement;

C.    Any actual monetary loss sustained by the Plaintiff;

D.    Compensatory damages for emotional harm, suffering, humiliation, and embarrassment;

E.    Punitive damages for the willful and reckless disregard of Plaintiff's rights under the ADA;

F.    The costs and expenses of this action;

G.    Such other legal and equitable relief to which Plaintiff may be entitled; and

H.    Plaintiff further demands a Jury to try this cause.

Respectfully Submitted,

**GILBERT LAW, PLC**
/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
justin@schoolandworklaw.com

**&**

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
jsalonus@salonusfirm.com
***ATTORNEYS FOR PLAINTIFFS***